UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| MICHAEL HYUNG JIN KIM, | Case No. 2:23-cv-00164-EJY |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

Pending before the Court is the Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b). ECF No. 21. The Court considered the Motion and the Commissioner's Response.

**I.    BACKGROUND**

Plaintiff filed an application for disability benefits on December 30, 2020, alleging disability beginning on August 1, 2020. On November 1, 2024, the Court entered an order granting in part and denying in part Plaintiff's Motion for Reversal and Remand. ECF No. 14. On remand, the Commissioner granted Plaintiff's application and awarded $103,104.00 in past due benefits. Counsel is requesting an hourly rate of $1,039.35 for 23.3 hours of attorney time and $258 per hour for 1.5 hours of paralegal time for a total of $25,776.00 under the contingency fee contract.

**II.    STANDARD**

Under 46 U.S.C. § 406(b)(1)(A), "[w]hen a court renders a judgment favorable to a claimant … who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."

In applying Section 406(b), the Court first determines whether a fee agreement has been executed between the plaintiff and her attorney. *See*, *e.g.*, *Garcia v. Astrue*, 500 F.Supp. 2d 1239, 1242 (C.D. Cal. 2007). If so, the Court must respect "the primacy of lawful attorney-client fee agreements" in awarding fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). Nonetheless, the Court has an "affirmative duty" to ensure the fees provided are "reasonable." *Crawford v. Astrue*,

586 F.3d 1142, 1149 (9th Cir. 2009) (*en banc*). "A fee resulting from a contingency-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* at 1148 (internal quotation and citation omitted). The Court's review of the amount of attorney's fees is meant as "an independent check" to ensure that the agreement will "yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.

### III. ANALYSIS

Here, counsel asks the Court to approve the contingency fee of $25,776.00, which is 25% of the total award to Plaintiff. Counsel's request falls within the terms agreed to by Plaintiff. No evidence suggests counsel provided anything but effective representation or that he engaged in dilatory conduct. The time spent working on this case, as documented by counsel, appears to be proportionate to the time required for a remanded social security case. The Commissioner took no substantive position regarding this compromised amount, but stated he "found no basis to object." ECF No. 18 at 3.

### IV. ORDER

IT IS HEREBY ORDERED that the Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(B) (ECF No. 17) is **GRANTED**. A fee award in the amount of $25,776.00 for work before the Court is to be paid to the Law Offices of Lawrence D. Rohlfing, Inc., 12631 East Imperial Highway, Suite C-115, Sante Fe Sprints, California, 90670

IT IS FURTHER ORDERED that the Rohlfing firm must refund EAJA fees of $5,700.

IT IS FURTHER ORDERED that if Plaintiff owes a debt that qualifies under the Treasury Offset Program (31 U.S.C. § 3716), any payment must be made payable to Plaintiff and delivered to Plaintiff's counsel.

Dated this 9th day of October, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2